IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,219-01






EX PARTE ANTONIO MARKEITH O'NEAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 59CR1100 IN THE 6TH JUDICIAL DISTRICT COURT


FROM RED RIVER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of no contest
to aggravated robbery, and was sentenced to ninety-nine years' imprisonment. His direct appeal was
dismissed for want of jurisdiction.

 Applicant contends, inter alia, that he was denied his right to appeal because appellate
counsel failed to timely file notice of appeal. Applicant also alleges that his trial counsel rendered
ineffective assistance because counsel failed to investigate, failed to consult with Applicant about
possible defenses, and allegedly told Applicant that he would receive probation if he entered an open
plea to the trial court. Applicant alleges that a pre-sentencing investigation was requested and
ordered, but never conducted. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial and appellate counsel with the opportunity to respond to Applicant's
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel consulted with
Applicant prior to trial, whether counsel advised Applicant of the consequences of his plea of no
contest, and whether counsel promised Applicant that he would receive probation if he entered an
open plea to the court. The trial court shall make findings as to whether a pre-sentencing
investigation was done, and if not, why not. The trial court shall make findings as to why notice of
appeal was not timely filed in this case. The trial court shall make findings as to whether the
performance of Applicant's trial and appellate attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 14, 2011

Do not publish